UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**NATHAN SMITH**                                                                                                **PLAINTIFF**

**v.**                                                                               **CIVIL ACTION NO. 3:25CV-390-JHM**

**SOCIETY OF ST. VINCENT DEPAUL, COUNCIL OF LOUISVILLE        DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

Plaintiff Nathan Smith filed the instant *pro se* action. This matter is before the Court on initial review of the complaint [DN 1] pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review, the instant action will be dismissed.

**I.**

Plaintiff sues the Society of St. Vincent DePaul, Council of Louisville, alleging discrimination in violation of Title VI of the Civil Rights Act. [DN 1]. Plaintiff represents that he is a "homeless unemployed American citizen diagnosed with mental illness" and a resident of St. Vincent DePaul Shelter. Plaintiff alleges that on June 25, 2025, Defendant's employee "Vanessa," who he states is paid by federal grants, singled out Plaintiff and berated him in front of other residents and her co-worker. Plaintiff alleges that Vanessa berated him with "loud foul language for not having a job and aimlessly riding his bicycle pass her house." Plaintiff reported the incident to Vanessa's supervisor. [DN 1]. Two months after filing his complaint, Plaintiff alleges that on August 11, 2025, Defendant's staff member Pam Scott asked Plaintiff during a therapy meeting, "Why don't you just kill the b**tch?" referencing his child's mother. [DN 6]. Plaintiff alleges that this conduct demonstrates institutional malfeasance and unprofessional conduct.

As relief, Plaintiff requests punitive damages for Defendant's failure to train its employees, injunctive relief that suspends, limits, restricts, or denies Defendant receipt of federal funding "as long as its employees engage in discriminatory behavior," training on the Civil Rights Act of 1964, and injunctive relief to suspend Defendant's "right to operate an establishment wherein the homeless public is taken in and treated without compassion or dignity."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608–09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d

461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.

Title VI states, in relevant part, that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "Title VI provides a private cause of action for injunctive relief and damages, *M.J. by & through S.J. v. Akron City Sch. Dist. Bd. of Educ.*, 1 F.4th 436, 453 (6th Cir. 2021), but only for intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001)." *Welch v. United Network for Organ Sharing*, 767 F. Supp. 3d 746, 769 (M.D. Tenn. 2025).

Plaintiff does not allege any facts relating to discrimination on the basis of race, color, or national origin. Instead, Plaintiff represents that he is a "homeless unemployed American citizen diagnosed with mental illness;" however, these allegations do not support a claim for racial discrimination. Accordingly, Plaintiff's claims pursuant to Title VI of the Civil Rights Act of 1964 must be dismissed for failure to state a claim on which relief can be granted.

In as much as Plaintiff attempts to sue Defendant for medical malpractice or negligence, these are Kentucky state-law claims, and the Court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

## III.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: October 17, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:　Plaintiff, *pro se*
4414.014